UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WAYNE BELL,

     Plaintiff,

v.                                                                                  Case No. 3:26cv929-TKW-HTC

U.S. SOCIAL SECURITY
ADMINISTRATION,

     Defendant.
_____/

REPORT AND RECOMMENDATION

Before the Court is Plaintiff Wayne Bell's motion to remand (Doc. 4) and Defendant Social Security Administration's ("SSA") motion to dismiss (Doc. 6). After reviewing the parties' submissions[1] and the relevant law, the undersigned concludes: (1) Bell's motion to remand should be DENIED, because removal was proper; and (2) the SSA's motion to dismiss should be GRANTED, because Bell's claim against the SSA is barred by sovereign immunity. Thus, this case should be DISMISSED without prejudice.

I.    Background

Bell filed this action against the SSA in state court on October 7, 2025. *See* Escambia County Case No. 2025 SC 7188. He alleges he updated his direct deposit

---

[1] Bell filed a response to the SSA's motion to dismiss. Doc. 9.

information with the SSA on September 16, 2025, but the SSA sent his next monthly disability benefit payment to the wrong bank account. Doc. 1-1 at 1. He claims the misdirected payment caused a "catastrophe," and he seeks $3,000 in damages. *Id.* The SSA removed the case to this Court on February 9, 2026, pursuant to 28 U.S.C. § 1442(a)(1). Doc. 1.

## II.    Motion to Remand

Bell has filed a motion to remand this case to state court. Doc. 4. Liberally construed, the motion argues the Court does not have federal question jurisdiction because Bell's claim is not based on federal law, and the Court does not have diversity jurisdiction because the amount in controversy is less than $75,000.[2] However, these arguments are meritless because the SSA is not invoking the Court's federal question or diversity jurisdiction.

Instead, as set forth in the notice of removal, the SSA removed this case under 28 U.S.C. § 1442(a)(1) because it is a federal agency. Section 1442(a)(1) "provides an independent federal jurisdictional basis, allowing for removal of any civil action against a U.S. officer or agency." *Disanto v. Thomas*, 693 F. App'x 860, 861 (11th Cir. 2017); *see also Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260 (11th Cir. 2025)

---

[2] Bell also claims: (1) he "wasn't properly notified" of the removal because the removal occurred less than 24 hours before the parties were scheduled to appear for a hearing in state court; and (2) there are two related cases in state court. However, neither the fact that removal occurred immediately before a scheduled state court proceeding nor the fact other related cases are being heard in state court provide a basis for remand.

(noting a district court can hear a case if it has federal question jurisdiction, diversity jurisdiction, or *jurisdiction under a specific statutory grant*) (emphasis added). Accordingly, because the SSA is a federal agency, removal of this case from state to federal court was proper.[3] *See Peele v. 17th Judicial Circuit of Fla.*, 2024 WL 1090604, at *3 (11th Cir. Mar. 13, 2024) ("[T]he case was properly removed to federal court. The SSA, as a federal agency named as a defendant, was within its statutory right to remove the case to federal court.") (citing 28 U.S.C. § 1442(a)(1)); *Bufkin v. United States*, 522 F. App'x 530, 531 (11th Cir. 2013) ("From a jurisdictional standpoint, it is proper to remove a state court action to federal court if it is directed at a federal agency.").

Bell also asserts the SSA's February 9 notice of removal was untimely because it was not filed within 30 days of service. Doc. 5; *see also* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"). Because the SSA was served with Bell's complaint on January 8, the 30-day deadline for removal expired on February 7. However,

---

[3] Although it is unsettled whether a federal agency, like a federal officer, must raise a colorable federal defense to make removal proper under § 1442(a)(1), the Court need not resolve that issue here because the SSA has raised a colorable federal defense—sovereign immunity. *See City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1313 n.2 (11th Cir. 2003), (declining to decide the issue because "the Navy in this case has clearly asserted the federal defense of sovereign immunity").

February 7 was a Saturday, which means the deadline was extended to the following Monday, February 9. *See* Fed. R. Civ. P. 6(a)(1)(C) (explaining that if the last day of a time period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Thus, even though the SSA filed its notice of removal on February 9—32 days after service—removal was timely. Based on the foregoing, Bell's motion to remand should be denied.

## III.    Motion to Dismiss

The SSA has also moved to dismiss this case under Fed. R. Civ. P. 12(b)(1), arguing: (1) Bell has not identified any applicable waiver of sovereign immunity; (2) there is no applicable waiver of sovereign immunity for money damages; and (3) the state court lacked jurisdiction to hear Bell's claim due to sovereign immunity and, thus, this Court did not acquire jurisdiction when it was removed. Doc. 6. The undersigned agrees the Court does not have jurisdiction over Bell's claim due to sovereign immunity.[4]

---

[4] The determination that removal was proper based on the jurisdictional grant in § 1442(a)(1) is not inconsistent with the determination that this case should be dismissed for lack of jurisdiction based on sovereign immunity. *See Bufkin*, 522 F. App'x at 531 ("removing an action to federal court may not waive sovereign immunity or equitably estop a sovereign from asserting lack of subject-matter jurisdiction as a defense"); *City of Jacksonville*, 348 F.3d at 1310-11 ("Congress' purpose [in enacting § 1442(a)(1)] was clearly to provide a federal forum for the sovereign immunity issue[.]").

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.  Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted); *see also Jordan v. Def. Fin. & Acct. Servs.*, 744 F. App'x 692, 695 (11th Cir. 2018) ("Absent a specific waiver of sovereign immunity as to a particular claim filed against the government, a court lacks subject matter jurisdiction over the suit.") (citation omitted).

"In 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the [SSA's] decisions." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).  Section 405(g) "is the exclusive grant of jurisdiction with respect to federal court claims challenging the [SSA's] administrative actions on disability claims."  *Stone v. Heckler*, 778 F.2d 645, 647 n.4 (11th Cir. 1985).  However, the waiver of sovereign immunity in § 405(g) does not extend to Bell's claim for damages related to a misdirected benefit payment.[5]  *See Donnelly v. Barnhart*, 80 F. App'x 701, 702 (2d Cir. 2003) ("As the Commissioner properly argues, the United States has not waived its sovereign immunity for claims by a Social Security claimant seeking monetary relief in addition to benefits awards.").

---

[5] The SSA also asserts that to the extent Bell is asking the SSA to reissue the misdirected payment, that request is moot because the SSA has already resent it to Bell's current bank.  The undersigned agrees with this argument but reads Bell's complaint as making a separate claim for damages, considering the amount he seeks ($3,000) exceeds his monthly benefit payment ($1,404).

In his response to the SSA's motion to dismiss, Bell says he wants to use the Federal Tort Claims Act ("FTCA") to pursue his negligence claim. Doc. 9. But 42 U.S.C. § 405(h) prohibits Bell from bringing a claim that arises under the Social Security Act against the federal government under the FTCA. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); *Dunbar v. Comm'r of Soc. Sec.*, 2025 WL 2624422, at *6 (M.D. Fla. Sept. 10, 2025) ("§ 405(h) precludes the Plaintiff from utilizing the FTCA to bring a lawsuit against the Commissioner in connection with any claim arising under the Social Security Act").

Furthermore, because sovereign immunity precluded the state court from exercising jurisdiction over Bell's claim against the SSA, this Court acquired none upon removal. When a case is removed from state court under § 1442, "the federal district court acquires only the jurisdiction that was originally vested in the state court." *W. Coast Grp. Enters., LLC v. Darst as Tr. Of G.A. Darst Equity Tr.*, 561 F. Supp. 3d 1180, 1184 (M.D. Fla. Sept. 22, 2021). Thus, "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (citations omitted); *see also Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258

Case No. 3:26cv929-TKW-HTC

U.S. 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction.").

Bell has not identified a waiver of, or exception to, sovereign immunity that would allow him to sue the SSA in state court. *See Montero v. United States*, 2024 WL 4120235, at *1 (11th Cir. 2024) ("Plaintiffs have the burden of showing an unequivocal waiver of sovereign immunity as to the specific claims that they seek to bring against the government."). And even if Bell's damages claim was cognizable under § 405(g) or the FTCA, it could not be brought in state court. *See* 42 U.S.C. § 405(g) (specifying claims under § 405 "shall" be brought in a federal district court); 28 U.S.C. § 1346(b)(1) (specifying district courts "have exclusive jurisdiction" over FTCA claims). Because the state court did not have jurisdiction over Bell's claim, this Court did not acquire jurisdiction when the case was removed to federal court and it must be dismissed. *See Gopani v. Transp. Sec. Admin.*, 2022 WL 2068719, at *2 (M.D. Fla. Mar. 17, 2022) (dismissing FTCA claim that was removed from state court and noting, "[w]hile this Court would have had jurisdiction if it was originally filed here, the Court does not have subject matter jurisdiction as the state court never had jurisdiction over the case").

Accordingly, it is RECOMMENDED:

1.    That Bell's motion to remand (Doc. 4) be DENIED.

2.      That the SSA's motion to dismiss (Doc. 6) be GRANTED and this case be DISMISSED without prejudice for lack of jurisdiction.

3.      That the clerk close the file.

At Pensacola, Florida, this 27th day of February, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:26cv929-TKW-HTC